IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENDRICK H. INGRAM, SR.,** **#R70446,** | |
| **Plaintiff,** | |
| v. | Case No. 20-cv-00209-NJR |
| **L. SELLERS,** *Nurse,* **A. FREY,** *LPN,* **DAVE WHITE,** *ADR Member,* and **JOHN R. BALDWIN,** *Director,* | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Kendrick Ingram, Sr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights.[1] Ingram claims he was provided inadequate medical care regarding the treatment of his intestinal infection. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

---

[1] Ingram states that he is a pretrial detainee, but public records show that he was convicted in 2008 and entered IDOC custody May 2, 2008. *See People v. Ingram,* Case No. 07 CF 00004868 (Lake County Circuit Court). The court records from Ingram's criminal proceeding are public records of which this Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank*, N.A., 446 F.Supp.2d 926, 930 n.2 (S.D. Ill. 2006). Therefore, for the purposes of this case, the Eighth Amendment will govern Ingram's claims regarding unconstitutional medical treatment. *Smith v. Dart,* 803 F.3d 304, 309 (7th Cir. 2015) (stating the Eighth Amendment is applicable to convicted prisoners) (citations omitted).

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## COMPLAINT

Ingram alleges the following: He had a parasitic infection in his intestinal walls, along with other digestion and health issues. (Doc. 1, p. 10). After seeing an outside gastroenterologist, Dr. Crass, at the Digestive Health Institute in Urbana, Illinois, Ingram was scheduled for a colonoscopy to be performed on February 13, 2018. Ingram went to the health care unit at Lawrence on February 12, 2018, to begin bowel prep for the procedure and was attended to by Nurse Sellers and Nurse Frey. (*Id.*). Nurse Sellers and Nurse Frey had Ingram do bowel prep for nine hours, rather than the correct amount of time of forty-eight hours. (*Id.* at p. 12). The next day, Ingram was taken to Urbana for the colonoscopy, but Dr. Cass had to stop in the middle of the procedure because food particles obstructed the camera's view. (*Id.* at p. 11).

The next colonoscopy was scheduled for May 1, 2018, and Ingram was instructed to eat a low residue diet five days prior to his procedure and complete a forty-eight hour bowel prep. (*Id.* at pp. 12, 36). While waiting for the second colonoscopy, Ingram was in severe pain and discomfort. (*Id.*). He wrote grievances and letters concerning the inadequate medical treatment during this time, and Director Baldwin and Administrative Review Board Member White denied his grievances. Baldwin and White did not advise the warden at Lawrence to provide a written response of corrective action regarding

Ingram's medical issues, denial of a kosher tray, and a disciplinary ticket. (*Id.* at p. 13).

## PRELIMINARY DISMISSALS

As a preliminary matter, the Complaint includes the claim that IDOC and Wexford Health Sources, Inc., should be held accountable for the inadequate assistance and treatment Ingram received. (Doc. 1, p. 14). These entities, however, are not identified as defendants in the case caption. The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005). Furthermore, even if listed as a defendant, Ingram cannot maintain a suit against IDOC under Section 1983 because it is a state government agency. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).

Finally, Ingram states he is suing defendants in their official and individual capacities. (Doc. 1, p. 10). State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will*, 491 U.S. at 71*; Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Therefore, the official capacity claims directed against these individuals are dismissed with prejudice.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate following three Counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Sellers, Frey, White, and Baldwin for inadequate treatment regarding Ingram's bowel prep for his colonoscopy on February 12, 2018.
>
> **Count 2:** Fourteenth Amendment due process claim against White and Baldwin for the mishandling of Ingram's grievances.

> **Count 3:** Illinois medical negligence claim against Sellers and Frey for administering his bowel prep incorrectly on February 12, 2018.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

### Count 1

Ingram alleges that Nurse Sellers and Nurse Frey knew the proper bowel prep procedures but acted with deliberate indifference to his serious medical need in administering the prep incorrectly, resulting in him waiting forty-six days in severe pain and discomfort for another colonoscopy. (Doc. 1, p. 12). *See Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) ("delaying treatment may constitute deliberate indifference if such delay 'exacerbated the injury or unnecessarily prolonged an inmate's pain'") (quoting *McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir. 2010)). Count 1 shall proceed against Sellers and Frey.

Count 1 is dismissed, however, against White and Baldwin. Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). This includes claims Ingram asserts under the Fifth Amendment and the equal protection clause. (Doc. 1, p. 9). Because he offers no additional facts or associates these claims with a specific defendant they are dismissed. Ingram's claims under "Bivens" are also dismissed, since he is state prisoner bringing claims against state officials. *See King v. Fed. Bureau of Prisons,* 415 F. 3d 634, 636 (7th Cir. 2005) (*Bivens* "authorizes the filing of constitutional tort suits against federal officers…").

conduct forming the basis of the grievance, which precludes liability under Section 1983. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017).

### Count 2

Ingram also fails to adequately plead a due process claim against White and Baldwin for not responding to his grievances in a manner he desired. Prison grievance procedures are not mandated by the Constitution, and the alleged mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Count 2 is dismissed.

### Count 3

Ingram's medical negligence claim derives from the same facts as his federal constitutional claim and will proceed at this stage. 28 U.S.C. § 1367(a). To ultimately pursue this claim, before the completion of the summary judgment phase of the case, Ingram must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation against the defendants and a physician's report to support the assertions in the affidavit, pursuant to 735 ILCS § 5/2-622. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019).

### MOTION FOR RECRUITMENT OF COUNSEL

Ingram has filed a Motion for Recruitment of Counsel (Doc. 3), which is denied.[3] Ingram does not provide any information regarding attempts to recruit counsel on his

---

[3] In evaluating Ingram's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

own or whether he has been effectively precluded from doing so. Because he has not made this showing, the Court finds that Ingram has not made a reasonable attempt to find counsel. Should he choose to move for recruitment of counsel at a later date, the Court directs Ingram to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

### MOTION FOR STATUS

The Motion for Status (Doc. 11) is denied as moot in light of this Order. Any requests for status Ingram has regarding other cases he is currently litigating in this district should be filed in the appropriate case and refer to the case number at the top of the page.

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Counts 1** and **3** shall proceed against **Sellers** and **Frey**. **Count 2** is **DISMISSED** with prejudice. **White** and **Baldwin** are dismissed from this action, and the Clerk of Court is **DIRECTED** to terminate them as defendants.

The Motion for Recruitment of Counsel (Doc. 3) and Motion for Status (Doc. 11) are **DENIED**.

The Clerk of Court shall prepare for **Sellers** and **Frey**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and

this Memorandum and Order to each defendant's place of employment as identified by Ingram. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Ingram, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Ingram, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Ingram is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   May 28, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Ingram is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Ingram need not submit any evidence to the Court at his time, unless otherwise directed by the Court.