IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRICK H. INGRAM, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-209-SMY |
| | ) |
| LINDA SELLERS and AMY FREY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kendrick H. Ingram, Sr. filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at the Lawrence Correctional Center ("Lawrence") (Doc. 60). Specifically, he alleges that Defendants Sellers and Frey were deliberately indifferent to his medical needs by failing to properly administer a bowel preparation procedure ahead of a February 3, 2018 colonoscopy (Count I).[1]

Now pending before the Court is Defendants Linda Sellers and Amy Frey's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 40). Plaintiff Kendrick H. Ingram, Sr. filed a response (Doc. 48) and Defendants filed a reply (Doc. 50). Based upon the undisputed material facts in the written submissions of the parties, the Court finds that a hearing on the motion pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is unnecessary. For the following reasons, the Motion for Summary Judgment is **GRANTED.**

### Factual Findings

The following facts are undisputed. On February 26, 2018, Ingram submitted a grievance

---

[1] Ingram also asserts a medical malpractice claim (Count III) based on the same facts as Count I.

related to "dietary" in which he requested a kosher diet, the ability to purchase "wet packs," that disciplinary charges be dropped, and that he be transferred from Lawrence (Doc. 41-2, p. 37). In the body of the grievance, he discusses a hunger strike and his attempts to talk to medical staff about a "health crisis" that led to a confrontation with correctional staff (*Id*. 38). Specifically, he states that following a colonoscopy, he became ill on February 16, 2018 with an upset stomach, diarrhea, and other ailments, and was "ignored for an emergency medical pass" (*Id*.). This led to frustration and aggression towards correctional officers that resulted in him being sent to segregation (*Id*.). The grievance does not name either Defendant, nor does it mention any botched colonoscopy preparation.

A counselor responded to the grievance on February 27, 2018 and a grievance officer recommended that the grievance be denied on March 9, 2018 (*Id*. 39). The Warden concurred on March 13, 2018 (*Id*.). The Administrative Review Board ("ARB") recommended that the grievance be denied on April 9, 2018, and the Director of the Illinois Department of Corrections concurred on April 10, 2018.

Attached to Ingram's response is a copy of the grievance with various marks including highlighting and notations (Doc. 48, pp. 18-20). One highlighted notation states, "Note: on 2-13-18 the colonoscopy was postponed" (*Id*. 19). Another notation states, "Issues: Postposed procedure due to 'poor prep' on 2-12-18 (9 hrs) exibit [sic] attached Doc. #150" (*Id*. 20). Defendants point out that these marks and notations are not on the grievance maintained by Lawrence or the ARB. Ingram identifies no other relevant grievance.

## Discussion

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Once a properly

supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Under the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 742. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey*, 663 F.3d at 903. To properly exhaust administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Strict adherence to the exhaustion requirement is required. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

It is undisputed that Ingram filed the February 26, 2018 grievance and that the grievance is fully exhausted in accordance with the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. However, Defendants argue that Ingram did not submit a grievance related to the medical care provided by Sellers and Frey. While Ingram seeks to rely on the February 26, 2018 grievance, that grievance does not mention Sellers or Frey and does not allege or suggest, even in broad terms, that bowel preparation procedures in anticipation of a colonoscopy were not followed. Certainly, grievances are not meant to mirror Complaints filed in federal court nor is a plaintiff required to set forth every theory of relief that he may present in a Complaint or to identify every defendant later sued. *See Jones v. Bock*, 549 U.S. 199, 219 (2007). But the grievance form directed Ingram to provide the name or identifying information of individuals involved, and he did not mention Sellers or Frey or their involvement in medical care. As such, the grievance fails to exhaust administrative remedies with respect to the claims asserted against these defendants. *See Roberts*

*v. Neal*, 745 F.3d 232, 235-6 (7th Cir. 2014) (discussing a grievance that wholly failed to name a nurse and any action by the nurse, who was later named in the Complaint); *Knox v. Rhodes*, 2010 WL 3937389 (S.D. Ill. 2010) (finding that reference to "prison official staffs" in general was insufficient to identify the defendants in that case). *See also Ambrose v. Godinez*, 510 Fed.Appx. 470 (7th Cir. 2013) (affirming judgment where defendants were not named in the grievances by "name or inference").

## Conclusion

For the foregoing reasons, Defendants Seller's and Frey's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 40) is **GRANTED**; Count I of the Complaint against Sellers and Frey is **DISMISSED without prejudice**. In light of this conclusion, the undersigned declines to retain supplemental jurisdiction over Ingram's state law claim in Count III. *See* 28 U.S.C. § 1367(c)(3), and this case is **DISMISSED** in its entirety. The Clerk of Court is **DIRECTED** to enter judgment and to close this case.

**IT IS SO ORDERED.**

DATED: August 11, 2021

**STACI M. YANDLE**
**United States District Judge**